UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT JAMES SWINT and SANDRA MARIE SWINT,<br><br>Plaintiffs,<br><br>v.<br><br>OREGON LOTTERY COMMISSION; OREGON LIQUOR CONTROL; and VERONICA VIDEO STORE,<br><br>Defendants. | Case No. 2:24-cv-00433-CDS-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: 1, 1-1 |

Pending before the Court is Plaintiffs' joint application to proceed *in forma pauperis* ("IFP") signed only by Robert Swint. ECF No. 1. No application for Sandra Swint is before the Court. Also pending is a Plaintiffs' Complaint that is indecipherable.

District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

Plaintiffs allege "unlawful crisscross apple saucing and menacing" by the "prison system [of] Oregon/Washington." ECF No. 1-1 at 3-4. Plaintiffs contend 1982 was a wonderful year and use the words "prison system," reference governor Jay Islee of Washington, and "back of can slips at Safeway." *Id.* at 4. Plaintiffs' Complaint is gibberish and there is no possibility Plaintiffs may win relief.

### III.  RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff Robert Swint's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiffs' Complaint (ECF No. 1-1) be DISMISSED with prejudice.

Dated this 8th day of March, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).